IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM JAMESON, on behalf of himself and all others similarly situated, : : : Plaintiff, : : v. : JOHN J. RIGAS, MICHAEL J. RIGAS, : TIMOTHY J. RIGAS, and JAMES P. RIGAS, : : Defendants. : | Civil Action No.: 2:02-CV-2802-HH |
| ERNEST PEDATA, on behalf of himself and all others similarly situated, : : : Plaintiff, : : v. : JOHN J. RIGAS, MICHAEL J. RIGAS, : TIMOTHY J. RIGAS, and JAMES P. RIGAS, : : Defendants. : | Civil Action No.: 2:02-CV-2901-HH |
| DAVID SORENSON, on behalf of himself and all others similarly situated, : : : Plaintiff, : : v. : JOHN J. RIGAS, MICHAEL J. RIGAS, : TIMOTHY J. RIGAS, and JAMES P. RIGAS, : : Defendants. : | Civil Action No.: 2:02-CV-3158-HH |

[Captions continued on next page]

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
OF THE WELLSVILLE GROUP TO CONSOLIDATE ACTIONS,
TO BE APPOINTED LEAD PLAINTIFFS, AND FOR APPROVAL OF LEAD
<u>PLAINTIFFS' SELECTION OF CO-LEAD COUNSEL</u>**

| | |
|---|---|
| BRIAN SMITH and DANA SMITH, on behalf of themselves and all others similarly situated, : <br><br> Plaintiffs, : <br><br> v. : <br><br> JOHN J. RIGAS, MICHAEL J. RIGAS, TIMOTHY J. RIGAS, and JAMES P. RIGAS, : <br><br> Defendants. : | Civil Action No.: 2:02-CV-3211-HH |
| KURT MEYLE, on behalf of himself and all others similarly situated, : <br><br> Plaintiff, : <br><br> v. : <br><br> JOHN J. RIGAS, MICHAEL J. RIGAS, TIMOTHY J. RIGAS, and JAMES P. RIGAS, : <br><br> Defendants. : | Civil Action No.: 2:02-CV-3699-HH |
| JEFFREY J. HYSLIP, on behalf of himself and all others similarly situated, : <br><br> Plaintiff, : <br><br> v. : <br><br> JOHN J. RIGAS, MICHAEL J. RIGAS, TIMOTHY J. RIGAS, and JAMES P. RIGAS, : <br><br> Defendants. : | Civil Action No.: 2:02-CV-3768-HH |

[Captions continued on next page]

| | |
|---|---|
| SCOTT BURNSIDE, on behalf of himself and all others similarly situated, : : : Plaintiff, : : v. : JOHN J. RIGAS, MICHAEL J. RIGAS, : TIMOTHY J. RIGAS, and JAMES P. RIGAS, : : Defendants. : | Civil Action No.: 2:02-CV-3769-HH |
| WILLIAM H. SPADAFORA, on behalf of himself : and all others similarly situated, : : Plaintiff, : : v. : JOHN J. RIGAS, MICHAEL J. RIGAS, : TIMOTHY J. RIGAS, and JAMES P. RIGAS, : : Defendants. : | Civil Action No.: 2:02-CV-3858-HH |

**PRELIMINARY STATEMENT**

Adelphia Business Solutions, Inc. investors Jeffrey Hyslip, John Hyslip, Joseph Hyslip, Rance Backster, Larry Walsh, Richard Bokman, John Dewaileebe and Norman Preston (the "Wellsville Group") (the "Proposed Lead Plaintiffs" or "Movants") have sustained losses totaling approximately $3,308,608, which is believed to be the largest financial interest in the outcome of this litigation. As the most adequate plaintiffs, as defined by Private Securities Litigation Reform Act of 1995 ("PSLRA"), Movant hereby moves for their appointment as Lead Plaintiffs of a proposed class of persons or entities who purchased the securities of Adelphia Business Solutions, Inc. ("Adelphia Business Solutions" or the "Company") between January 6, 2000 and March 27, 2002, inclusive (the "Class Period").

**INTRODUCTION**

The above-captioned actions (collectively, the "Related Actions") are securities purchaser class action lawsuits that have been brought against certain officers and/or directors of the Company alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder.[1]

The Proposed Lead Plaintiffs, with losses of approximately $3,308,608 in connection with their purchases of Adelphia Business Solutions securities during the Class Period, are suitable and adequate to serve as Class representatives.[2] The Proposed Lead Plaintiffs' losses

---

[1] Having filed for Chapter 11 bankruptcy protection on March 27, 2002, Adelphia Business Solutions is not a named defendant in the Related Actions.

[2] The losses suffered by Movants are not the same as their legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the certification required under Section 21D of the Exchange Act, 15 U.S.C. §78u-4(a)(2)(A) and

1

represent the largest known financial losses of any Class member(s) seeking to be appointed as lead plaintiff. See Check Aff. at Exhibit C.[3] In addition, Movants satisfy each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and therefore, are qualified for appointment as Lead Plaintiffs in these actions. Thus, as demonstrated herein, Movants are presumptively the most adequate Plaintiffs and should be appointed Lead Plaintiffs. As evidenced by the attached Declaration of Stephen M. Kane, Movants are residents of the same town and acquaintances prior to this litigation. (See Exhibit A) Movants have independently agreed to work together as lead plaintiffs in order to best serve the Class.

The Proposed Lead Plaintiffs respectfully submit this memorandum of law in support of their motion, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4 (a)(3)(B), as amended by the PSLRA, for an order: (1) consolidating all class actions concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Wellsville Group to serve as Lead Plaintiffs pursuant to Section 21D of the Exchange Act; and (3) approving the Proposed Lead Plaintiffs' selection of Schiffrin & Barroway, LLP and Wolf Haldenstein Adler Freeman & Herz, LLP as Co-Lead Counsel for the Class.

## PROCEDURAL BACKGROUND

---

based upon reference to information concerning the current market for the Company's securities.

[3]   The Proposed Lead Plaintiffs' sworn Certifications documenting their transactions pursuant to the federal securities laws are attached as Exhibit A to the Affidavit of Darren J. Check In Support Of Motion To Consolidate Actions, Appoint Lead Plaintiffs And For Approval Of Lead Plaintiffs' Selection Of Co-Lead Counsel (the "Check Aff.").

The first of the Related Actions was commenced on or about May 10, 2002. Pursuant to 15 U.S.C. §78u-4(a)(3)(A)(I), on May 13, 2002, the first notice that a class action had been initiated against the defendant was published over a widely circulated national business-oriented wire service advising members of the proposed class of their right to move the Court to serve as lead plaintiff no later than July 9, 2002. See Check Aff. at Exhibit B.

The Proposed Lead Plaintiffs are class members (see Check Aff. at Exhibit A) and are filing this motion within the 60 day period following publication of the May 13 , 2002 notice pursuant to Section 21D of the PSLRA.

## STATEMENT OF FACTS

During the Class Period Defendants issued materially false and misleading statements regarding the financial condition and results of Adelphia Business Solutions during the Class Period. The Defendants failed to disclose that because of the deceptive sales practices instituted by or approved of by the Defendants, Adelphia Business Solutions reported artificially inflated line counts (lines that Adelphia Business Solutions had sold to customers). The Defendants also committed Adelphia Business Solutions to pay overhead expenses to Adelphia Communications Corp. (Which was also controlled by the Defendants) without maintaining proper accounting records of these expenses. Additionally, throughout the Class Period, the Defendants failed to disclose in excess of $2 billion of off-balance sheet liabilities for Adelphia Communications Corp. Due to Adelphia Business Solutions' dependence on the Defendants and Adelphia Communications Corp., the off-balance sheet liabilities should have been disclosed to Adelphia Business Solutions shareholders during the Class Period. On March 1, 2002, Adelphia Business Solutions announced that it would not make an interest payment of $15.3 million on certain

secured notes of the Company and would be in default. On March 27, 2002, Adelphia Communications Corporation announced its financial results and that it had entered into these off-balance sheet financing arrangements which obligated Adelphia Communications for approximately $2.3 billion in debts, together with Highland Holdings, an entity also controlled by the Defendants. On that same day, March 27, Adelphia Business Solutions announced that it had filed for Chapter 11 Bankruptcy protection.

## ARGUMENT

**I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Each of the Related Actions involves class action claims on behalf of class members who purchased or otherwise acquired Adelphia Business Solutions securities during the Class Period. Each of the Related Actions asserts essentially similar and overlapping class claims brought on behalf of purchasers of Adelphia Business Solutions securities who purchased in reliance on the materially false and misleading statements and omissions at all relevant times. Consolidation is appropriate when, as here, there are actions involving common questions of law or fact. See Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 42(a); Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir.), cert. denied, 498 U.S. 920 (1990). That test is met here. Therefore, these Related Actions should be consolidated.

**II.   THE PROPOSED LEAD PLAINTIFFS
        SHOULD BE APPOINTED LEAD PLAINTIFFS**

**A.    The Proposed Lead Plaintiffs Have Satisfied
        The Procedural Requirements Pursuant To The PSLRA**

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee

4

securities class actions brought pursuant to the Federal Rules of Civil Procedure. See 15 U.S.C. §78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(I). Plaintiff in the first-filed action published a notice over the *Business Wire* national wire service on May 13, 2002. See Check Aff. at Exhibit B.[4] This notice indicated that applications for appointment as lead plaintiff were to be made no later than July 9, 2002.

Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff(s), whether or not they have previously filed a complaint in this action. 15 U.S.C. §78u-4(a)(3)(A) and (B).

B.    **The Proposed Lead Plaintiffs Constitute The "Most Adequate Plaintiff"**

According to the PSLRA, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class that the Court determines to be most capable of adequately representing the interests of class members within 90 days after publication of the initial notice of pendency. 15 U.S.C. §78u-4(a)(3)(B)(I). In determining who is the "most adequate plaintiff," the Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-

---

[4] The *Business Wire* service is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." See In re Nice Systems Sec. Litig., 188 F.R.D. 206, 215 (D.N.J. 1999); Greebel v. FTP Software, Inc., 939 F. Supp. 57, 62-64 (D. Mass. 1996); Lax v. First Merchants Acceptance Corp., 1997 U.S. Dist. LEXIS 11866 at *2 (N.D. Ill. Aug. 6, 1997).

    (aa)  has either filed the complaint or made a motion in response to a notice . . .

    (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. §78u-4(a)(3)(B)(iii).  See generally Greebel, 939 F. Supp. at 64; Lax, 1997 U.S. Dist. LEXIS 11866 at *7.

    In applying this presumption, the Proposed Lead Plaintiffs are demonstrably the most adequate plaintiffs.  They have timely filed their motion to be appointed lead plaintiffs along with their certifications attesting to their transactions in Adelphi Business Solutions securities during the Class Period.  See Check Aff. at Exhibit A.  In addition, the Proposed Lead Plaintiffs, with losses totaling approximately $3,308,608 as a result of their Class Period purchases of Adelphia Business Solutions securities, have the largest known financial interest in the relief sought by this action among class members filing motions for appointment as lead plaintiff.  See Check Aff. at Exhibit C.  Moreover, the Proposed Lead Plaintiffs have selected and retained competent and experienced co-counsel to represent themselves and the Class.  See Check Aff. at Exhibits D and E.

    Accordingly, the Proposed Lead Plaintiffs have satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and respectfully submit that their application for appointment as Lead Plaintiffs and their selection of Co-Lead Counsel should be approved by the Court.

    **1.  The Proposed Lead Plaintiffs Have Made A Motion For The Appointment As Lead Plaintiffs**

Pursuant to the provisions of the PSLRA and within the requisite time frame after

publication of the notice, the Proposed Lead Plaintiffs timely move this Court to be appointed Lead Plaintiffs on behalf of all plaintiffs and class members covered by the Related Actions and any other actions deemed related by this Court.

### 2. The Proposed Lead Plaintiffs Have The Largest Financial Interest

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the court shall appoint as lead plaintiff the class member who represents the largest financial interest in the relief sought by the action. As is demonstrated herein, the Proposed Lead Plaintiffs have the largest known financial interest in the relief sought by the Class and accordingly, is presumed to be the "most adequate plaintiff."

Although the PSLRA is silent as to the manner in which the "largest financial interest" should be calculated, courts have noted that four factors are surely relevant to this inquiry.

> (1) the number of shares; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs."

In re Milestone Scientific Securities Litig., 183 F.R.D. 404, 413 (D.N.J. 1998) quoting Lax at *17. During the proposed Class Period the Wellsville Group purchased 905,749.80 shares of Adelphia Business Solutions securities at prices alleged to be artificially inflated by defendant's materially false and misleading statements and omissions and sustained financial losses of approximately $3,308,608. See Check Aff. at Exhibits A and C.

### 3. The Proposed Lead Plaintiffs Otherwise Satisfy Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. Fischler v. Amsouth Bancorporation, 1997 U.S. Dist. LEXIS 2875 at *7-8 (M.D. Fla. Feb. 6, 1997); Lax, 1997 U.S. Dist. LEXIS 11866 at *20. As detailed below, the Proposed Lead Plaintiffs satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as lead plaintiffs.

### a. The Proposed Lead Plaintiffs Fulfill The Typicality Requirement

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists if claims "arise[] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." See In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992), cert. dismissed sub nom., 506 U.S. 1088 (1993); Eisenberg v. Gagnon, 766 F.2d 770, 786 (3d Cir. 1985), cert. denied, 474 U.S. 946 (1985). However, the claims of the class representatives need not be identical to the claims of the class to satisfy typicality. Instead, the Courts have recognized that:

> The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

De La Fuente v. Stokely-Van Camp,Inc., 713 F.2d 225, 232 (7th Cir. 1983) (citations omitted); see also Halperin v. Nichols, Safina, Lerner & Co., No. 94 C 6960, 1996 U.S. Dist. LEXIS 16111, *13-14 (N.D. Ill. October 28, 1996).

The Proposed Lead Plaintiffs seek to represent a class of purchasers of Adelphia Business Solutions securities which have identical, non-competing and non-conflicting interests. The Proposed Lead Plaintiffs satisfy the typicality requirement because, just like all other class members, they: (1) purchased or acquired Adelphia Business Solutions securities during the Class Period; (2) at prices allegedly artificially inflated by defendant's materially false and misleading statements and/or omissions; and (3) suffered damages thereby. Thus, the Proposed Lead Plaintiffs' claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

### b. The Proposed Lead Plaintiffs Fulfill The Adequacy Requirement

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Proposed Lead Plaintiffs to represent the Class to whether there are any conflicts between the interests of the Proposed Lead Plaintiffs and the members of the Class. 15 U.S.C. §78u-4(a)(3)(B)(iii). The Proposed Lead Plaintiffs are adequate representatives of the Class. The interests of the Proposed Lead Plaintiffs are clearly aligned with the members of the putative Class, and there is no evidence of any antagonism between their respective interests. As detailed above, the Proposed Lead Plaintiffs share common questions of law and fact with the members of the Class and their claims are typical of the claims of other class members. Further, the

Proposed Lead Plaintiffs already have taken significant steps demonstrating that they have and will protect the interests of the Class: they have executed certifications detailing their Class Period transactions and expressing their willingness to serve as class representatives; they have moved this Court to be appointed as lead plaintiffs in this action; and they have retained competent and experienced co-counsel who, as shown below, will be able to conduct this complex litigation in a professional manner.  See generally Lax, 1997 U.S. Dist. LEXIS 11866 at 21-25.  Furthermore, the Proposed Lead Plaintiffs have the largest known financial interest so that their "financial stake in the litigation provides an adequate incentive for the [Proposed Lead Plaintiffs] to vigorously prosecute the action." In re Milestone Scientific, 183 F.R.D. at 416.  Thus, the Proposed Lead Plaintiffs prima facie satisfy the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements of Rule 23 of the Federal Rules of Civil Procedure.

Clearly, the Proposed Lead Plaintiffs satisfy all prongs of the Exchange Act's prerequisites for appointment as Lead Plaintiffs in this action pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii).

### III. THE COURT SHOULD APPROVE THE PROPOSED LEAD PLAINTIFFS' CHOICE OF COUNSEL

Pursuant to 15 U.S.C §78u-4(a)(3)(B)(v), the Lead Plaintiffs shall, subject to Court approval, select and retain counsel to represent the Class.  In that regard, the Proposed Lead Plaintiffs have selected and retained Schiffrin & Barroway, LLP and Wolf Haldenstein Adler Freeman & Herz, LLP to serve as Co-Lead Counsel for the Class.  These firms have extensive experience in prosecuting complex securities actions and are well qualified to represent the Class.  See Check Aff. at Exhibits D and E.

Because there is nothing to suggest that the Proposed Lead Plaintiffs or their counsel will not fairly and adequately represent the Class, or that the Proposed Lead Plaintiffs are subject to unique defenses -- which is the <u>only</u> evidence that can rebut the presumption of adequacy under the Act – this Court should appoint the Wellsville Group as Lead Plaintiffs and approve their selection of Schiffrin & Barroway, LLP and Wolf Haldenstein Adler Freeman & Herz, LLP as Co- Lead Counsel for the Class.

## CONCLUSION

For the foregoing reasons, the Proposed Lead Plaintiffs respectfully request that the Court: (a) consolidate for all purposes the Related Actions against defendants; (b) appoint the Wellsville Group as Lead Plaintiffs; and (c) approve Schiffrin & Barroway, LLP and Wolf Haldenstein Adler Freeman & Herz, LLP as Co-Lead Counsel for the Class.

Dated July 9, 2002

        Respectfully submitted,

        **SCHIFFRIN & BARROWAY, LLP**

By: _____
        Andrew L. Barroway, Esq. (#64477)
        Stuart L. Berman, Esq. (#62870)
        Darren J. Check, Esq. (#86279)
        Three Bala Plaza East
        Suite 400
        Bala Cynwyd, PA  19004
        Telephone:  (610) 667-7706
        Facsimile: (610) 667-7056

        **WOLF HALDENSTEIN ADLER FREEMAN & HERZ, LLP**
        Fred T. Isquith, Esq.
        270 Madison Avenue
        News York, NY 10016
        Telephone: (212) 545-4600
        Facsimile: (212) 545-4677

        **Proposed Co-Lead Counsel**

**OF COUNSEL:**

**CAULEY GELLER BOWMAN & COATES, LLP**
Steven E. Cauley, Esq.
11311 Arcade Drive
Suite 200
Little Rock, AR 72212
Telephone: (501) 312-8500
Facsimile: (501) 312-8505