```
                    UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF PENNSYLVANIA
_____
                                   :
WILLIAM JAMESON                    :    CIVIL ACTION
                                   :    NO. 02-2802
     v.                            :
                                   :
JOHN J. RIGAS, MICHAEL J.          :
RIGAS, TIMOTHY J. RIGAS,           :
and JAMES P. RIGAS                 :
_____:
```

(Additional Captions Set Forth Below)

[PROPOSED] ORDER GRANTING THE SPADAFORA GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFFS UNDER SECTION 21D(a)(3)(B) OF THE SECURITIES EXCHANGE ACT OF 1934 AND APPROVAL OF LEAD PLAINTIFFS' SELECTION OF CO-LEAD COUNSEL

```
ERNEST PEDATA                      :    CIVIL ACTION
                                   :    NO. 02-2901
     v.                            :
                                   :
```

| | | |
|---|---|---|
| JOHN J. RIGAS, MICHAEL J. RIGAS, TIMOTHY J. RIGAS, and JAMES P. RIGAS | : : : : | |
| DAVID SORENSON | : : | CIVIL ACTION NO. 02-3158 |
| v. | : : | |
| JOHN J. RIGAS, MICHAEL J. RIGAS, TIMOTHY J. RIGAS, and JAMES P. RIGAS | : : : : | |
| HAROLD WEINER | : : | CIVIL ACTION NO. 02-3211 |
| v. | : : | |
| JOHN J. RIGAS, MICHAEL J. RIGAS, TIMOTHY J. RIGAS, and JAMES P. RIGAS | : : : : | |
| BRIAN SMITH | : : | CIVIL ACTION NO. 02-3625 |
| v. | : : | |
| JOHN J. RIGAS, MICHAEL J. RIGAS, TIMOTHY J. RIGAS, and JAMES P. RIGAS | : : : : | |
| KURT MEYLE | : : | CIVIL ACTION NO. 02-3699 |
| v. | : : | |
| JOHN J. RIGAS, MICHAEL J. RIGAS, TIMOTHY J. RIGAS, and JAMES P. RIGAS | : : : : | |
| JEFFREY J. HYSLIP | : : | CIVIL ACTION NO. 02-3768 |
| v. | : : | |
| JOHN J. RIGAS, MICHAEL J. RIGAS, TIMOTHY J. RIGAS, and JAMES P. RIGAS | : : : : | |
| SCOTT BURNSIDE | : : | CIVIL ACTION NO. 02-3769 |
| v. | : : | |
| JOHN J. RIGAS, MICHAEL J. RIGAS, TIMOTHY J. RIGAS, | : : | |

```
and JAMES P. RIGAS                    :
_____:
WILLIAM H. SPADAFORA                  :    CIVIL ACTION
                                      :    NO. 02-3858
     v.                               :
                                      :
JOHN J. RIGAS, MICHAEL J.             :
RIGAS, TIMOTHY J. RIGAS,              :
and JAMES P. RIGAS                    :
_____:
FEIVEL GOTTLIEB RESTATED              :    CIVIL ACTION
DEFINED BENEFIT TRUST                 :    NO. 02-4486
                                      :
     v.                               :
                                      :
JOHN J. RIGAS, MICHAEL J.             :
RIGAS, TIMOTHY J. RIGAS,              :
and JAMES P. RIGAS                    :
_____:
```

**[PROPOSED] ORDER GRANTING THE SPADAFORA GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFFS UNDER SECTION 21D(a)(3)(B) OF THE SECURITIES EXCHANGE ACT OF 1934 AND APPROVAL OF LEAD PLAINTIFFS' SELECTION OF CO-LEAD COUNSEL**

Having considered the Spadafora Group's motion for consolidation, appointment of lead plaintiffs, and approval of selection of co-lead counsel and the memorandum of law and declaration of Robin Switzenbaum, with exhibits, in support thereof, and good cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1.  The Motion is GRANTED.

**I.  CONSOLIDATION**

2.  The above listed actions are hereby consolidated (the "Consolidated Action").

**II. CAPTION**

    3.  A master file shall be established for the proceedings ("Master File"). The Master File shall be re-captioned as <u>In Re Adelphia Business Solutions, Inc. Securities Litigation</u>, Civil Action No. 02-2802 (HJH).

    4.  Every pleading filed in the Consolidated Action shall have the following caption:

| IN RE ADELPHIA BUSINESS SOLUTIONS, INC. SECURITIES LITIGATION | ) ) ) ) | Civil Action No. 02-2802 (HJH) |
|---|---|---|

    5.  An original of this Order shall be filed by the Clerk in the Master File.

    6.  The Clerk shall mail a copy of this Order to counsel of record in the Consolidated Action.

**III. NEWLY-FILED OR TRANSFERRED ACTIONS**

    7.  This Court requests assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of the Consolidated Action.

    8.  When a case that arises out of the same subject matter of the Consolidated Action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

        a.  File a copy of this Order in the separate file for such action;

      b.    Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

      c.    Make the appropriate entry in the Master Docket for the Consolidated Action.

9.    Each new case that arises out of the subject matter of the Consolidated Action which is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party objects to consolidation, as provided for herein, or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application.  Nothing in the foregoing shall be construed as a waiver of the defendants' right to object to consolidation of any subsequently-filed or transferred related action.

## III. **APPOINTMENT OF LEAD PLAINTIFFS AND CO-LEAD COUNSEL**

10.    The Court, having considered the provisions of Section 21(D)(a)(3)(B) of the Securities Exchange Act of 1934, hereby determines that William H. Spadafora, Thomas Tarla, Dallas Beecham and Carrol Beene are the "most adequate plaintiffs," and that they will satisfy the requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(a)(3)(B).

11. The Court hereby appoints William H. Spadafora, Thomas Tarla, Dallas Beecham and Carrol Beene as Lead Plaintiffs in the Consolidated Action.

12. The law firm of Berger & Montague, P.C. ("Berger & Montague") and Schatz & Nobel, P.C. are appointed Co-Lead Counsel for the Class.

3. With the approval of the Court, Co-Lead Counsel shall assume and exercise the following powers and responsibilities:

    a. To coordinate the briefing and argument of motions;

    b. To coordinate the conduct of written discovery proceedings;

    c. To coordinate the examination of witnesses in depositions;

    d. To coordinate the selection of counsel to act as spokesperson at pre-trial conferences;

    e. To call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

    f. To conduct all settlement negotiations with counsel for the defendants;

    g. To coordinate and direct the preparation for trial, and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

    h. To receive orders, notices, correspondence and telephone calls from the Court on behalf of all plaintiffs, and to

transmit copies of such orders, notices, correspondence and memoranda of such telephone calls to plaintiffs' counsel; and

    i.   To supervise any other matters concerning the prosecution or resolution of the Consolidated Action.

4.   With respect to scheduling and/or procedural matters, defendants' counsel may rely upon all agreements with Co-Lead Counsel.

5.   No pleadings or other papers shall be filed or discovery conducted by any plaintiff except as directed or undertaken by Co-Lead Counsel.

6.   Counsel in any related action that is consolidated with the Consolidated Action shall be bound by this organizational structure of Co-Lead Counsel.

**SERVICE OF PLEADINGS AND OTHER PARTIES**

7.   Service by the defendants on plaintiffs of any papers shall be deemed to be complete for all purposes when a copy is served on Co-Lead Counsel.

**SCHEDULING**

8.   Lead Plaintiffs shall serve a Consolidated Amended Class Action Complaint (the "Consolidated Amended Complaint") within sixty (60) days of entry of this Order. Defendants shall answer or otherwise plead to the Consolidated Amended Complaint within sixty (60) days after service of the Consolidated Amended Complaint. If defendants file a motion to dismiss, plaintiffs will

have forty-five (45) days to oppose such motion after service of such motion. Defense counsel will have thirty (30) days after receipt of plaintiffs' opposition to file a reply brief. Defendants need not respond to the complaints heretofore filed in each of the cases listed on the captions above and consolidated by this Order. Plaintiffs need not move for class certification until such time as defendants have answered the Consolidated Amended Complaint.

     9.   Lead Plaintiffs and their Co-Lead Counsel, if necessary, may designate one or more Lead Plaintiffs to give testimony on behalf of the Class in subsequent proceedings to streamline the proceedings and avoid unnecessary and costly discovery or expense to the Class.

**SO ORDERED THIS** _____ **day of** _____**, 2002.**

                                             _____
                                             Herbert J. Hutton
                                             United States District Judge

352142.wpd